IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GREGORY A. HALDERMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-4049-CV-C-NKL |
| CITY OF IBERIA, et al., | ) ) ) |
| Defendants. | ) ) ) ) |

**ORDER**

Plaintiff Gregory A. Halderman ("Halderman") brings a claim against Defendant Genise Buechter ("Buechter") – Clerk for the Miller County, Missouri, Circuit Court – for violation of his Constitutional rights. Before the Court is Beuchter's Motion to Dismiss [Doc. #6]. For the following reasons, the Court GRANTS the motion.

**I.  Factual Background**

Halderman filed a lawsuit pursuant to 42 U.S.C. §1983 against Buechter. Also named as defendants in Count I of the complaint are the City of Iberia, Missouri; the Iberia Police Department; Iberia Police Department Officer David Garrett; and Halderman's ex-wife Elizabeth Reeder.

Halderman's complaint alleges that Officer Garrett, in his capacity as a police officer, devised a plan with Halderman's ex-wife to arrest Halderman in order to discredit him in a custody battle. Halderman alleges that in August of 2008, Officer Garrett contacted

Halderman and informed him that a complaint had been filed and that Halderman should come to the Iberia Police Department. When Halderman arrived he was arrested and held overnight. Halderman claims he was arrested for violating an ex parte order of protection filed in November of 2007, and dismissed soon after. Halderman alleges that no such order existed at the time he was arrested in February 2008. Halderman alleges that defendant Garrett contacted the Miller County Circuit Clerk, Buechter to verify that an ex parte order of protection was in effect at the time of the alleged violation and Buechter wrongfully confirmed the existence of the protective order.

Count II of Halderman's complaint brings a state law defamation claim against defendants other than Buechter.

**II.   Discussion**

Buechter moves the Court to dismiss Halderman's claims against Buechter, pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted and for lack of subject matter and personal jurisdiction. In support, Buechter argues that she is entitled to Eleventh Amendment immunity for actions taken in her official capacity as a court clerk. Buechter also asks the Court to take judicial notice of a court document indicating there was an active protective order against Halderman during the relevant time period.

When determining a motion to dismiss, the complaint is construed liberally in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.* 514 F.3d 801, 806 (8th Cir. 2008). However, a court need not accept as true legal conclusions in a complaint. *Ashcroft v. Iqbal*, 129

2

S.Ct. 1937, 1949 (2009). Furthermore, a plaintiff must allege enough facts to "nudge" their claim "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 129 S.Ct at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting Federal Rules of Civil Procedure 8(a)(2)).

### A. Halderman's Claims for Damages

Halderman's claims for damages against Buechter in her official capacity are barred by the Eleventh Amendment. The Eleventh Amendment bars money damage suits against states and state agencies in federal court. *Tramble-Bey v. Skiba*, 25 Fed.Appx. 486, 487 (8th Cir. 2002). "A suit against a governmental actor in his official capacity is treated as a suit against the governmental entity itself." *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). Clerks of county courts, as state officials, are entitled to Eleventh Amendment immunity. *See Stanton v. Johnson*, 13 Fed. Appx. 441 (8th Cir. 2001) (affirming, on the basis of both Eleventh Amendment immunity and judicial immunity, the dismissal of a suit against clerks of county court).

Halderman does not persuade the Court that his claims for money damages against Buechter are allowed under the Eleventh Amendment. Halderman's only argument is a suggestion that he can get monetary relief on his claim because it is ancillary to the

3

injunctive relief he seeks– a proposition for which he cites no authority and which is contrary to well established law. Because Buechter is entitled to Eleventh Amendment immunity on any claims for damages, those claims are dismissed.

### B. Halderman's Claims for Injunctive Relief

Buechter concedes that she is not entitled to immunity against Halderman's claims for injunctive relief. However, Buechter asks the Court to take judicial notice of a court record which shows that an ex parte order of protection was filed against Halderman on February 25, 2008. Buechter claims that this evidence precludes Halderman from proving his claims against Buechter. "In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is 'not precluded in [its] review of the complaint from taking notice of items in the public record.'" *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 269 n. 1, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). In Missouri, court records are considered public records. *Id*. The Court takes judicial notice of these documents. Because immunity does not apply to Halderman's claims for injunctive relief, the Court must consider whether Halderman's claims meet the pleading requirements recently articulated by the Supreme Court in *Ashcroft*.

Halderman's various allegations that Buechter acted as part of a conspiracy to deprive Halderman of his Constitutional rights do nothing to elevate his claims to the necessary level of plausibility. These allegations are legal conclusions and need not be accepted as true. Rather, such allegations "must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

4

Halderman's factual allegations do not show that he is entitled to relief for Buechter's conduct. Halderman makes no allegation concerning: the nature of the information exchanged between Buechter and Officer Garret (whether Buechter specified a filing date for the protection order she confirmed), the date of the alleged violation (whether the date of the alleged violation was before or after February 25th, when public records indicate an ex parte order of protection was filed), or Buechter's state of mind with regard to the information she provided to Officer Garrett (whether she believed the information she shared with Officer Garrett to be accurate). Halderman claims that Buechter's actions deprived him of his rights, but does not allege enough facts about Buechter's actions to allow the court to determine that his claim is plausible.

Furthermore, Halderman's factual allegations regarding Buechter's actions are inconsistent with the public record. Halderman's only factual allegation that suggests misconduct by Buechter is the following: "There was no order of protection in effect regarding Plaintiff in February 2008, when Defendant Garrett alleged that Plaintiff had violated the order of protection." (Doc. #1 at ¶ 20). At Buechter's request, the Court has taken judicial notice of an ex parte order of protection, filed February 25, 2008. This order of protection, available in the public record, demonstrates that Halderman's factual allegation is false as expressed in his complaint. After Halderman received notice of the February 25 order of protection in briefing for this motion, Halderman did not acknowledge this order, alleging again that "there was no protective order in effect in February of 2008." (Doc. #22) Judicial experience and common sense lead this Court to view Halderman's

5

inability to reconcile his claims with a court order on the public record as detrimental to the plausibility of his claim.

## III. Conclusion

Accordingly, it is hereby ORDERED that Defendant Buechter's Motion to Dismiss [Doc. #6] is GRANTED.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 1, 2009  
Jefferson City, Missouri